IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

04 JAN 14 PM 3: 32

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CRIMINAL NO. 03-1838-RB |
| RUPERT LENNON, JR., ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Judgment of Acquittal (Doc. 39) and Defendant's Motion for New Trial (Doc. 38) filed on December 2, 2003. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motions are not well-taken and should be denied.

### I. Background.

Defendant Rupert Lennon, Jr. (hereinafter "Mr. Lennon") was indicted for possession of marijuana with intent to distribute, in violation of 21 U.S.C. 841 (a)(1) & (b)(1)(B). The jury returned a verdict of guilty on November 25, 2003. Mr. Lennon has requested a judgment of acquittal or, in the alternative, a new trial. Mr. Lennon claims the Government did not present sufficient evidence to allow a jury to conclude that he knowingly possessed a controlled substance.

### II. Discussion.

#### A. Motion for Judgment of Acquittal.

In determining whether to grant a motion for judgment of acquittal, a district court must give the benefit of the doubt to the Government, "and assume the jury found its evidence, both direct and circumstantial, to be credible." *United States v. Chavez-Palacios*, 30 F.3d 1290, 1294 (10th



Cir.1994). However, "the evidence supporting the conviction must be substantial and do more than raise a suspicion of guilt," and a district court "may not uphold a conviction by piling inference upon inference." *United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir.1998).

Title 21, United States Code, Section 841(a), makes it a crime for anyone knowingly or intentionally to possess a controlled substance with the intent to distribute it. At trial, the Government was required to prove that Mr. Lennon knowingly possessed a controlled substance which was, in fact, marijuana; and that Mr. Lennon possessed at least 100 kilograms of the controlled substance with the intent to distribute it. *United States v. McKissick*, 204 F.3d 1282, 1291 (10th Cir. 2000). Mr. Lennon stipulated to all the elements of the offense, except for knowing possession. Knowing possession is an act done voluntarily and intentionally not because of mistake or accident. *See United States v. Delreal-Ordones*, 213 F.3d 1263 (10th Cir. 2000). While knowledge on the part of Mr. Lennon cannot be established merely by demonstrating that he was negligent, careless, or foolish, knowledge can be inferred if he deliberately blinded himself to the existence of a fact. *See id.*

The Government presented sufficient evidence, if construed in its favor, to allow the jury to conclude that Mr. Lennon knowingly possessed a controlled substance. First, the jury could have concluded that Mr. Lennon's behavior was inconsistent with his defense of lack of knowledge. The jury heard testimony that Mr. Lennon fabricated his daily logs, lied about his United States citizenship, and became increasingly nervous when questioned by border patrol agents. The jury also heard testimony that Mr. Lennon broke the seal on his trailer and threw it over a fence when he thought no one was observing him.

Second, the jury could have concluded that Mr. Lennon deliberately blinded himself to the existence of the marijuana. At trial, Mr. Lennon testified that he owned and operated his own trucking company, Lennon & Son's. The jury heard testimony that Mr. Lennon was the sole

occupant and owner of the tractor trailer he was driving the day he was arrested. The jury heard testimony that Mr. Lennon allowed an inebriated forklift driver to unload two 2100 pound palates of mangoes and load a 350 pound palate of brown boxes containing an unknown substance into his trailer which, he claimed, he later learned to be frozen Japanese Tempura.

Finally, the jury could have also found Mr. Lennon's testimony untrustworthy. At trial, Mr. Lennon testified he was going to be paid $1,200.00 to transport approximately 350 pounds of frozen Japanese Tempura. In rebuttal, the Government's expert testified that this price was excessive for the industry. Mr. Lennon also testified that he planned on transporting mangoes with frozen Japanese Tempura. In rebuttal, the Government's expert testified that no responsible truck driver would attempt to transport, in the same trailer, a frozen product with an unfrozen one. The Government's expert explained that any attempt to transport both products in the same trailer would result in loss or damage to one or both products. Fresh produce and marijuana could be transported, however, at the same temperature.

### B. Motion for New Trial.

The court may grant a new trial if the interests of justice will be served. FED. R. CRIM P. 33. Although a district court is afforded discretion in ruling on such a motion and is free to weigh the evidence and assess witness credibility, a motion for new trial is regarded with disfavor and should only be granted with great caution. *United States v. Quintanilla*, 193 F. 3d 1139, 1146 (10th Cir. 1999). "The power to grant a new trial on the ground that the verdict is against the weight of the evidence should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Mounkes*, 204 F. 3d 1024, 1027 (10th Cir. 2000). In the instant case, Mr. Lennon's arguments requesting a new trial are no different than those he advanced for a judgment of acquittal. Therefore, the motion for new trial will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal (Doc. 39) and Defendant's Motion for New Trial (Doc. 38) filed on December 2, 2003, are hereby **DENIED.**

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE